THE JACOB D. FUCHSBERG LAW FIRM, LLP
3 Park Avenue, Suite 3700
New York, NY 10016
(212) 869-3500
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LUCY SUAREZ, as the Administrator of the Estate of JOHN
SUAREZ, Deceased, and LUCY SUAREZ, Individually,

                  Plaintiff,

-against-

VALOR NETWORK INC., ERIC BRAD SCHMELL, M.D.,
and UNITED STATES OF AMERICA,

                  Defendant.
-----------------------------------------------------------------------X

**CIVIL ACTION NO.:** 1:21-CV-3448

**COMPLAINT**

ECF Action

Plaintiff LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, Deceased, by her attorneys, The Jacob D. Fuchsberg Law Firm, LLP, as and for their Verified Complaint, allege as follows, upon information and belief:

## INTRODUCTION

1. This is an action against the defendant United States of America under the Federal Tort Claim Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with the medical care provided to plaintiff decedent JOHN SUAREZ, a United States Veteran, by defendant United States of America.

2. This case also involves related New York State Claims, against all defendants, for medical malpractice; negligent hiring, supervision and retention; lack of informed consent; and wrongful death.

1

3. The claims herein brought against the defendant United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), are for money damages as compensation for personal injuries caused by the defendant's negligence and professional malpractice.

4. Plaintiff LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, Deceased, has fully complied with the provision of 28 U.S.C. § 2675 of the Federal Tort Claims Act (FTCA). Pursuant to the FTCA, on or about May 7, 2019, Plaintiff timely served an Administrative Claim on The Department of Veteran Affairs which claim was later amended on or about August 21, 2019. The Administrative Claim was denied by the Department of Veterans Affairs on or about April 1, 2021.

5. Plaintiff LUCY SUAREZ, as the Administrators of the Estate of JOHN SUAREZ, Deceased, is now timely filing this Complaint pursuant to 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b) as it has not been six months since the U.S. Department of Veterans Affairs denied plaintiff's tort claim.

6. This action is being commenced within the time allowed by law.

## PARTIES, JURISDICTION AND VENUE

7. Letters of Limited Administration appointing plaintiff LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, and authorizing said Administrator to, inter alia, commence and prosecute the instant action were issued to plaintiff LUCY SUAREZ by the Honorable Ronald Cerrachio, Judge of the Richmond County Surrogate's Court, State of New York on October 22, 2019.

8. At all pertinent times, the decedent plaintiff, JOHN SUAREZ, resided at 344

2

Chesterton Avenue, Staten Island, NY 10306.

9. Defendant United States of America though its agency United States Department of Health and Human Services, operates the Veteran's Affairs (VA) Medical Centers located at 800 Poly Place Brooklyn, NY 11209-7104 and 423 East 23rd Street New York, NY 10010-5011.

10. At all pertinent times, the United States of America owned, operated, controlled, and managed hospitals and/or health care centers, pursuant to the laws of the State of New York for the care of the sick, located at 800 Poly Place Brooklyn, NY 11209-7104 and 423 East 23rd Street New York, NY 10010-5011, which provided personnel, including doctors, nurses, radiologists, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including plaintiff's decedent JOHN SUAREZ, could be treated for various ailments.

11. At all pertinent times, Valor Network Inc. was and is a domestic business corporation, organized and existing under the laws of the State of New York, with its principal place of business located at 7 Hemptor Road, New City, NY 10956.

12. At all pertinent times, Valor Network Inc. provided teleradiology services and personnel, including radiologists, to hospitals and medical facilities, including the Veteran's Affairs (VA) Medical Centers located at 800 Poly Place Brooklyn, NY 11209-7104 and 423 East 23rd Street New York, NY 10010-5011.

13. At all pertinent times, Valor Network Inc. provided teleradiology services and personnel, including radiologists, for the care and treatment of patients, including plaintiff's decedent JOHN SUAREZ.

14. At all pertinent times, defendant Eric Brad Schmell, MD (hereinafter "Schmell") was and still is a physician duly licensed to practice medicine in the State of New York, including within the Eastern District of New York.

15. At all pertinent times, defendant Schmell held himself out to the general public, and in particular to Plaintiff, as a physician offering professional services and medical care and treatment.

16. At all pertinent times, defendant Schmell was and still is an employee, agent, shareholder, and/or servant of defendant Valor Network Inc.

17. At all pertinent times, defendant Schmell was affiliated with and authorized to treat patients at the Veterans Affairs Medical Centers, located at 800 Poly Place Brooklyn, NY 11209-7104 and 423 East 23rd Street New York, NY 10010-5011.

18. The defendants herein have done business in this State and/or have conducted and/or transacted business in this State, have committed one or more tortious acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject Defendants to the jurisdiction of this Court.

19. Furthermore, this Court has original jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 as arising under the laws of the United States of America. Plaintiff's claims are predicated, in part, upon the Federal Tort Claim Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1).

20. The Court has supplemental jurisdiction over the remaining common law and state law claims pursuant to 28 U.S.C. § 1367.

21. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to these claims occurred within this district.

## GENERAL ALLEGATIONS OF MEDICAL MALPRACTICE

22. Because of abdominal pain, a CT scan of JOHN SUAREZ's abdomen was done at the defendant VA hospital located at 800 Poly Place Brooklyn, NY 11209-7104, on March 22, 2012. This CT scan was interpreted and read by Lien Kuei Che, MD, an employee of the VA/Federal government.

23. Lien Kuei Che, MD's interpretation of the March 22, 2012, CT was incorrect. The CT scan showed abnormalities in the region of the patient's psoas muscle, but these findings were not noted in Lien Kuei Che, MD's radiology report.

24. Mr. Suarez continued to have random abdominal pain and gastrointestinal problems throughout the years 2012-2017.

25. In July 2014, Mr. Suarez presented to the defendant VA hospital with complaints of dyspepsia and in September 2016 with complaints of acid reflux.

26. In November 2017, Mr. Suarez presented again to the Emergency Room at the defendant hospital because he was experiencing nausea and weakness.

27. Despite Mr. Suarez's signs, symptoms, and medical history, repeat CT scans of the abdomen were not performed at these visits, and VA hospital staff, including but not limited to physicians, nurses, and physician's assistants, failed to timely and properly diagnose and treat Mr. Suarez's growing abdominal mass. This failure was a departure from the standard of care that proximately caused the lesion/s to grow, which deprived JOHN SUAREZ of his best opportunity for cure.

28. In January 2018, Mr. Suarez was experiencing abdominal pain when walking. A CT scan of the abdomen was done on February 5, 2018, and Mr. Suarez was informed by medical providers at the VA in Brooklyn that he had an umbilical and hiatal hernia which were causing the pain.

29. Defendant Schmell was the radiologist who interpreted the February 5, 2018 CT; the radiology report impression from that date notes that aside from the "fat-containing umbilical hernia", "CT abdomen and pelvis otherwise unremarkable". Defendant Schmell, was an employee of Valor Network Inc. at the time he wrote this report.

30. During his February 5, 2018 visit, Mr. Suarez was also examined by Mircea Mursenu, MD, an employee of the VA/Federal government.

31. Mircea Mursenu, MD, failed to properly and timely evaluate Mr. Suarez's condition, perform proper and timely diagnostic tests in light of his symptoms and medical history, failed to admit and adequately monitor Mr. Suarez, failed to refer Mr. Suarez to specialists, failed to accurately review Mr. Suarez's radiological imaging, and failed to timely treat and diagnose Mr. Suarez's growing abdominal mass. These failures were departures from the standard of care that proximately caused the lesion/s to grow, which deprived JOHN SUAREZ of his best opportunity for cure

32. On November 28, 2018, a CT scan was done because Mr. Suarez had pain which VA physicians believed was being caused by kidney stones. This CT scan showed Mr. Suarez had a mass in the area of his psoas muscle.

33. On November 30, 2018, a note was written by hematology oncology fellow Sassine Ghanem, MD, and co-signed by attending Andrea Leaf, MD, which stated "This left psoas enlargement was also present on the CT Abdomen/Pelvis done on 3/22/2012

6

however it was smaller at that time." Both Sassine Ghanem, MD, and Andrea Leaf, MD, were employees of the VA/Federal government at the time they wrote/signed this note.

34. On December 6, 2018, resident Wen Liu, MD, wrote a note, which was subsequently co-signed by surgical oncologist Marcovalerio Melis, MD, that stated "Patient was presented at BVA tumor board with following discussion: 'Lesions present since 2012 and have slowly enlarged.'" Both Wen Liu, MD, and Marcovalerio Melis, MD, were employees of the VA/Federal government at the time they wrote/signed this note.

35. Lien Kuei Che, MD's interpretation of the March 22, 2012, CT failed to reference any abnormalities or lesions in the region of the psoas muscle. This failure was a departure from the standard of care that proximately caused the lesion/s to grow, which deprived JOHN SUAREZ of his best opportunity for cure.

36. Defendant Schmell's interpretation of the February 5, 2018, CT failed to reference any abnormality or lesions in the region of the psoas muscle. This failure was a departure from the standard of care that proximately caused the lesion/s to grow, which deprived JOHN SUAREZ of his best opportunity for cure.

37. In January, 2019, the pain became constant and Mr. Suarez became bed bound. He underwent surgery on February 11, 2019 at the VA hospital in New York, New York, to remove the mass, but was told the mass could not be removed or debulked because it was intertwined with a major blood vessel and the femoral nerve. The pathology was inconclusive.

38. The VA paid for Mr. Suarez to get a second opinion with Memorial Sloan Kettering

Cancer Center in New York, New York, on April 11, 2019. Mr. Suarez was informed by medical providers at Memorial Sloan that the mass in his abdomen/pelvic area was dedifferentiated liposarcoma.

39. Mr. Suarez underwent five (5) rounds of radiation at Memorial Sloane Kettering Cancer Institute in New York City, but on June 22, 2019, he died from biliary sepsis in the setting of acalculous cholecystitis, which was directly caused as a consequence of his tumor that went undiagnosed from 2012 until 2018.

40. From on or about March 22, 2012 and prior and subsequent thereto, through June 22, 2019, plaintiff decedent JOHN SUAREZ sought the professional care of defendant United States of America for certain medical complaints, including, but not limited to, a mass in the thigh/groin region and abdominal pain and the defendant United States of America, its agents, servants, and employees rendered medical, and radiological care, diagnosis, treatment and services to plaintiff's decedent JOHN SUAREZ.

41. From on or about March 22, 2012 and prior and subsequent thereto, through June 22, 2019, plaintiff decedent JOHN SUAREZ sought professional medical care from medical facilities owned, operated, and controlled by defendant United States of America including Veteran's Hospital, located at 800 Poly Place Brooklyn, NY 11209-7104 and 423 East 23rd Street New York, NY 10010-5011 with complaints including but not limited to a mass in the thigh/groin region and abdominal pain, and the defendant United States of America, its agents, servants, and employees rendered medical, and radiological care, diagnosis, treatment and services to plaintiff's decedent JOHN SUAREZ.

42. The above medical, and radiological care, diagnosis, treatment and services were rendered carelessly, unskillfully, and negligently, by defendants United States of America, including by the VA Medical Centers, and not in accordance with accepted standards of medical and radiological care, diagnosis, treatment and services in the community as the standards existed in 2012 through 2018.

43. On February 5, 2018, and prior and subsequent thereto, plaintiff's decedent JOHN SUAREZ sought the professional care of defendant Schmell for certain medical complaints, including, but not limited to, a mass in the thigh/groin region and abdominal pain and defendant Schmell, rendered medical, and radiological care, diagnosis, treatment and services to plaintiff's decedent JOHN SUAREZ.

44. The above medical, and radiological care, diagnosis, treatment and services were rendered carelessly, unskillfully, and negligently, by defendant Schmell, MD, and not in accordance with accepted standards of medical and radiological care, diagnosis, treatment and services in the community as the standards existed in 2018.

45. On February 5, 2018, and prior and subsequent thereto, plaintiff's decedent JOHN SUAREZ sought the professional care of defendant Valor Network Inc., for certain medical complaints, including, but not limited to, a mass in the thigh/groin region and abdominal pain and the defendant Valor Network Inc., its agents, servants, and employees, including but not limited to defendant Schmell, rendered medical, and radiological care, diagnosis, treatment and services to plaintiff's decedent JOHN SUAREZ.

46. The above medical, and radiological care, diagnosis, treatment and services were

rendered carelessly, unskillfully, and negligently, by defendant Valor Network Inc., its agents, servants, and employees, including by defendant Schmell, MD, and not in accordance with accepted standards of medical and radiological care, diagnosis, treatment and services in the community as the standards existed in 2018.

47. The Defendants failures to timely and properly diagnose and treat the Plaintiff's abdominal mass and dedifferentiated liposarcoma resulted in the Plaintiff suffering a loss of chance of cure of his cancer, loss of chance of his left psoas tumor being resected, pain and suffering, loss of enjoyment of life, loss of the ability to work, and resulted in his death.

48. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff decedent JOHN SUAREZ suffered serious personal injuries, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, including, but not limited to, being bed bound and suffering from extreme pain, and numerous other injuries including death.

49. By reason of the above, plaintiff LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, deceased, brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, in the amount of $5,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

50. Plaintiff realleges each and every allegation of the first cause of action.

51. Defendant United States of America, including through the VA Medical Centers, was

negligent in hiring and supervising medical personnel, including but not limited to Lien Kuei Che, MD, and Mircea Mirsenu, MD, who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

52. Defendant Valor Network Inc. was negligent in hiring and supervising medical personnel, including but not limited to defendant Schmell, who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

53. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff decedent JOHN SUAREZ suffered serious personal injuries, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, including, but not limited to, being bed bound and suffering from extreme pain, and numerous other injuries including death.

54. By reason of the above, plaintiffs LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, deceased, brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, in the amount of $5,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

55. Plaintiff realleges each and every allegation of the first and second causes of action.

56. Defendant United States of America, its agents, servants, employees, and/or contractors failed to inform the plaintiff's decedent JOHN SUAREZ and/or his representatives of the reasonably foreseeable risks and benefits of, and alternatives to,

the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which defendants failed to obtain an informed consent thereto.

57. Defendant Valor Network Inc., its agents, servants, employees, and/or contractors, including but not limited to defendant Schmell, failed to inform the plaintiff's decedent JOHN SUAREZ and/or his representatives of reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which defendants failed to obtain an informed consent thereto.

58. A reasonably prudent person in the position of plaintiff's decedent JOHN SUAREZ and/or his representatives would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

59. A reasonably prudent person in the position of plaintiff's decedent JOHN SUAREZ and/or his representatives would have undergone different treatment than he underwent had he been fully informed.

60. The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

61. By reason of the above, plaintiffs LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, deceased, brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, in the amount of $5,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

62. Plaintiff repeats and realleges each and every allegation of the first, second, and third causes of action.

63. That by reason of the aforesaid, negligence, carelessness, recklessness, medical, hospital and professional malpractice, and departures from good and accepted standards of care, of defendant United States of America, and by and through the VA Medical Centers, including those it ordered, directed, instructed and supervised in the care, treatment, diagnosis, management, evaluation, monitoring, and professional services rendered to and for JOHN SUAREZ caused him die on June 22, 2019.

64. That by reason of the aforesaid, negligence, carelessness, recklessness, medical, hospital and professional malpractice, and departures from good and accepted standards of care, of defendant Valor Network Inc., including those it ordered, directed, instructed and supervised in the care, treatment, diagnosis, management, evaluation, monitoring, and professional services rendered to and for JOHN SUAREZ caused him die on June 22, 2019.

65. That by reason of the aforesaid, negligence, carelessness, recklessness, medical, hospital and professional malpractice, and departures from good and accepted standards of care, of defendant Schmell, including those he ordered, directed, instructed and supervised in the care, treatment, diagnosis, management, evaluation, monitoring, and professional services rendered to and for JOHN SUAREZ caused him die on June 22, 2019.

66. That by virtue of JOHN SUAREZ's death and wrongful death, his estate will continue to suffer pecuniary loss, including but not limited to funeral and cemetery

expenses, loss of services, loss of support, loss of guidance and loss of love, guidance, solace, friendship, and affection.

67. That by reason of the above, plaintiff LUCY SUAREZ, as the Administratrix of the Estate of JOHN SUAREZ, deceased, brings this action for wrongful death of plaintiff's decedent on behalf of the surviving distributees of plaintiff's decedent, who have suffered pecuniary injuries and loss and have been deprived of decedent's support, comfort, services, companionship, solace, guidance, understanding, advice, love, friendship, and affection, all to their damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

68. By reason of the above, plaintiff LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, Deceased, brings this action for the wrongful death of plaintiff's decedent JOHN SUAREZ, and for damages, both general and special, in the amount of $5,000,000.00.

## NY CPLR PROVISIONS

69. All above causes of action fall within one or more of the exceptions set forth in CPLR Section 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

70. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including by not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed the plaintiff decedent JOHN SUAREZ a non-delegable duty of care and/or by reason of the fact that said defendants are vicariously liable for

the negligent acts and omissions of their servants, agents, affiliated physicians, radiologists, nurses, and/or employees.

71. By reason of the above, the defendants are jointly and severally liable pursuant to exceptions set forth in Article 16 of the CPLR, specifically Section 1602(7) in that the defendants acted with reckless disregard for the safety of others.

72. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff decedent JOHN SUAREZ suffered serious personal injuries, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, including, but not limited to, extreme pain, being bed bound, and numerous other injuries including death.

73. By reason of the above, plaintiff LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, deceased, brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, and lost wages, and/or income, both past and future, in the amount of $5,000,000.00.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff LUCY SUAREZ, as the Administrator of the Estate of JOHN SUAREZ, Deceased, and LUCY SUAREZ, Individually, demands judgment against defendants, on the First, Second, Third, and Fourth Causes of Action in an amount totaling $5,000,000.00, plus interest and costs and attorneys' fees incurred in this civil litigation, together with such other and further relief at law or in equity that this Court deems just and

proper.

Dated: New York, New York
June  18 , 2021

                                              Yours, etc.,
                                              THE JACOB D. FUCHSBERG LAW FIRM, LLP

                         By: *[signature]*
                                              Samantha Gupta
                                              Attorneys for Plaintiffs
                                              3 Park Avenue, Suite 3700
                                              New York, NY 10016
                                              (212) 869-3500

**CERTIFICATE OF MERIT**

  Samantha Gupta, the undersigned, an attorney admitted to practice in the United States District Court, Eastern District of New York, states that she is an associate of The Jacob D. Fuchsberg Law Firm, attorneys for the Plaintiff in the within action. I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:  New York, New York
     June  18 , 2021

                  _____
                  SAMANTHA GUPTA, ESQ.

## ATTORNEY'S VERIFICATION BY AFFIRMATION

Samantha Gupta, an attorney duly admitted to practice before the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an associate of The Jacob D. Fuchsberg Law Firm, LLP, attorneys of record for Plaintiffs. I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff is because the Plaintiff resides outside of the county wherein your Affirmant maintains offices.

Dated:   New York, New York
         June  18 , 2021

                                                  */s/ Samantha Gupta*
                                                  SAMANTHA GUPTA, ESQ.